UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO. 10-234-WOB-JGW

PAPA BALLA SEYE                                                                                  PLAINTIFF

V.

COMMUNITY YELLOW CAB NK
MANAGEMENT L.L.C., et al.                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION**

On June 20, 2011, pro se plaintiff filed a motion to set aside an entry of default judgment. Doc. 19. On July 27, 2011, after briefing was completed, the presiding district judge referred the motion to set aside to me for preparation of a report and recommendation. After examining the motion, defendants' response, plaintiff's reply and the relevant law, I reluctantly recommend that the motion be granted.

**I. Factual and Procedural History**

In October 2010, pro se plaintiff filed this diversity action against Community Yellow Cab NK Management L.L.C. ("Community") and Community's owner, Tom Nicolaus, generally alleging issues involving ownership, repairs and profits relating to taxi cabs. Doc. 1. On November 2, 2010, defendants filed their answer and counterclaim against plaintiff, including counts for breach of contract, unjust enrichment, harassment and abuse of process. Doc. 4.

On June 6, 2011, defendants filed a motion for entry of default because plaintiff had not responded to defendants' counterclaims. Doc. 17. The Clerk properly issued an entry of default pursuant to Fed.R.Civ.P. 55(a) on June 7, 2011. On June 20, 2011, plaintiff filed the pending motion to set aside entry of default. Doc. 19.

1

**II. Analysis**

Fed. R.Civ.P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under Fed.R.Civ.P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Since no default judgment has been entered, the proper question before the Court is whether plaintiff has shown good cause for setting aside the entry of default.[1]

What constitutes good cause for setting aside an entry of default is within the discretion of the court. *See, e.g.,* 10A Fed. Prac. & Proc. Civ. §2696 (2011). In order to demonstrate good cause, a party seeking to set aside an entry of default must "provide an explanation for the default or to give reasons why vacation of the default entry would serve the interests of justice." *Id.* The Sixth Circuit has instructed courts ruling on motions to set aside any entry of default to consider three factors: "'(1) [w]hether culpable conduct of the [counter-]defendant led to the default, (2) [w]hether the [counter-]defendant has a meritorious defense, and (3) [w]hether the plaintiff [counter-claimant in the case at hand] will be prejudiced.'" *Krowtoh II LLC v. ExCelsius Intern. Ltd.*, 330 Fed.Appx. 530, 534 (6th Cir. 2009) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

---

[1]Since no actual judgment of default has been entered, defendants err by focusing in their response on whether plaintiff has met the more strict standard for setting aside a judgment under Rule 60(b). "In practice a somewhat more lenient standard is applied to Rule 55(c) motions where there has only been an entry of default than to Rule 60(b) motions where judgment has been entered." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). *See also O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (discussing the stricter standard applied to motions to set aside default judgments than to motions to set aside entries of default).

*1. Culpable Conduct*

In the context of a motion to set aside entry of default under Fed.R.Civ.P. 55(c), it "is not necessary that conduct be excusable to qualify for relief . . . ." *Shepard Claims Servicing, Inc.*, 796 F.2d at 194. Instead, for a party's conduct to be deemed culpable *"the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id.*

In the case at hand, plaintiff asserts that he was in Africa for a family emergency for about a month, including the time when the motion for entry of default and the entry of default itself were filed. As defendants note, plaintiff has not provided an affidavit or other explanation of the nature of the purported family emergency. But there is nothing in the record to dispute plaintiff's claim that he was in Africa when the motion for entry of default and the entry of default were filed.

However, plaintiff did not travel to Africa until May 2011, some six months after defendants filed their counterclaim. At that point, his response to defendants' counterclaims was long overdue. The family emergency and trip to Africa, therefore, do not explain why plaintiff failed to timely respond to defendants' counterclaim.

Plaintiff's inexplicable failure to timely respond to defendants' counterclaims, however, does not demonstrate any obvious intent to thwart the judicial process. Indeed, plaintiff's respect for the process may be discerned by the fact that he filed the motion to set aside quickly after returning from Africa and less than two weeks after the entry of default was filed. *See, e.g., Shepard Claims Service, Inc.*, 796 F.2d at 194-95 (quoting 6 *Moore's Federal Practice* ¶ 55.01[2] at 55-61, 62 (1985 ed.)) ("'Where the defaulting party and counsel . . . have given

evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency . . . .'"). Accordingly, though plaintiff has not shown a valid excuse for his failure to timely respond to defendants' counterclaims, plaintiff has not engaged in conduct which demonstrates disrespect for the Court. For Fed.R.Civ.P. 55(c) purposes, therefore, plaintiff's conduct is not culpable.

      *2. Meritorious Defense*

A defense is deemed meritorious for Fed.R.Civ.P. 55(c) purposes "if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *United States v. $22,050.00 in United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)). Accordingly, a defense may be deemed meritorious regardless of whether it is actually likely to succeed on the merits. *Id.*

Plaintiff contends the entry of default should be set aside because he has newly discovered evidence that Nicolaus has been "taking parts from Plaintiffs' cars to fix other drivers['] cars." Doc. 19, p.2. Plaintiff also alleges that he has discovered that defendants "have fraudulently been using Plaintiff's cars" to transport passengers from Cincinnati, Ohio to Lexington, Kentucky and have been withholding plaintiff's share of payments for that transportation service. *Id.* Plaintiff also states that "there has been no mention for harassment or altercations by either party." *Id.* Finally, plaintiff contends that defendants delayed in responding to discovery requests.

    Even a liberal reading of plaintiff's motion and reply would not reveal an obviously

meritorious defense to defendants' counterclaims. Indeed, plaintiff's motion and reply seem more like new or supplementary causes of action than an explanation of plaintiff's default since plaintiff only fleetingly mentions the allegations contained in defendants' counterclaims. Though he alleges he has newly discovered evidence, plaintiff has not shown a causal connection between that purported evidence and the ultimate defeat of defendants' counterclaims. As defendants aptly note, "[t]he relation of Plaintiff's new allegations to his failure to comply with the Civil Rules is not explained by Plaintiff." Doc. 20, p.5. And it is unclear why plaintiff needed discovery in order to timely file an answer to defendants' counterclaims. On the record before the Court, therefore, it cannot be said that plaintiff has demonstrated a meritorious defense to defendants' counterclaims.[2]

*3. Prejudice*

Granting plaintiff's motion to set aside the entry of default will obviously prejudice defendants in that the ultimate resolution of this case will be delayed and there is no certainty that defendants' counterclaims will ultimately prove to be successful. *See, e.g., INVST Financial Group, Inc. Vv. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (holding that "[o]bviously, if the default judgment is set aside some delay will necessarily result because plaintiff would be entitled to discovery and preparation time."). But delay alone is insufficient to establish prejudice. *See, e.g., Krowtoh II LLC*, 330 Fed.Appx. at 535. Instead, "'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting *INVST Fin. Group, Inc.*, 815

---

[2]This is not to say, however, that defendants are entitled to a judgment on the merits of their counterclaims. The merits, or lack thereof, of defendants' counterclaims may only be adjudged after discovery has concluded.

F.2d at 398).

There is no indication that granting plaintiff's motion to set aside the entry of default will result in the loss of evidence, increase the difficulty of discovery or provide a greater opportunity for fraud or collusion. Accordingly, the record does not support a conclusion that defendants would be unduly prejudiced by granting plaintiff's motion to set aside the entry of default.

In conclusion, plaintiff has not presented a valid excuse for his failure to respond. But neither has plaintiff engaged in culpable conduct, nor would defendants be unduly prejudiced by granting plaintiff's motion to set aside the entry of default. In addition, plaintiff promptly moved to set aside the entry of default and there is a strong preference for deciding cases on the merits. *See, e.g., Coleman v. Shoney's, Inc.*, 79 Fed.Appx. 155, 157 (6th Cir. 2003) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Plaintiff's pro se status and general unfamiliarity with the legal process also are factors weighing toward treating plaintiff leniently. Accordingly, though plaintiff's failure to respond timely to the counterclaims is troubling, I reluctantly recommend that the motion to set aside the entry of default be granted.

**III. Recommendation**

For the foregoing reasons, it is **RECOMMENDED**:

Plaintiff's motion to set aside entry of default [Doc. 19] should be **granted**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and

specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 2nd day of August, 2011.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge